**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| MARK BOWERS, | ) |
| | ) |
|     Petitioner, | ) |
| | ) |
|   v. | )   Case No. 4:11CV00937 AGF |
| | ) |
| TERRY RUSSELL, | ) |
| | ) |
|     Respondent. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on the petition of Missouri state prisoner Mark Bowers for a writ of habeas corpus pursuant to 28 U.S.C. ' 2254. Petitioner was convicted by a jury of the class A felony of second-degree trafficking based on his possession of 6 grams or more of a substance containing cocaine base. He was sentenced as a prior and persistent offender and prior and persistent drug offender to 12 years' imprisonment without parole. For federal habeas relief he argues that his constitutional rights were violated in the following ways: (1) the trial court improperly found him to be a prior and persistent offender and a prior and persistent drug offender, because the State never filed an amended information charging him as such; (2) and defense counsel was ineffective for failing to present medical evidence to corroborate Petitioner's testimony about an impairment of his left hand which would have made it impossible for him to have clenched the bag of cocaine in his left hand, as a police officer testified he had done. For the reasons set forth below, habeas relief shall be denied.

## BACKGROUND

### Information and Trial

As the Missouri Court of Appeals observed in affirming the denial of state post-conviction relief, "[t]he record in this case is in deplorable condition." Petitioner was originally charged on December 13, 2002, with two counts: the class A felony of trafficking in the second degree for possession of six grams or more of a substance containing cocaine base (Count I) in violation of Mo. Rev. Stat. §195.223,[1] and the misdemeanor offense of possession of marijuana (Count II). The original information also charged Petitioner, in the heading of the information in capital and bold letters, with being a "Prior and Persistent Drug Offender and Prior and Persistent Offender."

In the body of Count I, the original information states that Petitioner was "a prior drug offender" under Mo. Rev. Stat. §§ 195.275[2] and 195.295.3,[3] based on two prior

---

[1]  At that time, under § 195.223.3(2), possession of six grams or more of a substance containing cocaine base was a class A felony.

[2] Section 195.275.1 defines a prior drug offender as a person who has previously pleaded guilty to, been found guilty of, or been convicted of a felony offense related to controlled substances; § 195.275.2, defines a persistent drug offender as a person who has previously pleaded guilty to, been found guilty of, or been convicted of two or more felony offenses related to controlled substances.

[3]  Under Section 195.295.3, a person who is found to be a prior drug offender and who is convicted of the trafficking offense with which Petitioner was charged must serve his sentence without eligibility for parole, and sentencing is done by the trial court without a recommendation by the jury.

Otherwise, the authorized term of imprisonment for a class A felony, including both prison and conditional release, is a minimum of ten years, but not more than 30 years, or life imprisonment. Mo. Rev. Stat. § 558.011.1(1).

2

guilty pleas to the felony of possession of cocaine (case nos. 881-2503 and 881-2553), both on April 20, 1989. In the body of Count II, the original information states that Petitioner was "a prior offender" and "a persistent offender" subject to an extended term of imprisonment under Mo. Rev. Stat. §§ 558.016[4] and 557.036,[5] based on the same two felony convictions listed in Count I. (Ex. J at 7-8.)

On October 6, 2004, an amended information was signed by the Assistant Circuit Attorney, but was not file-stamped or signed by the court clerk, and the state-court docket sheet does not reflect that this amended information was filed. The amended information contained allegations similar to the original information, but inserted the words, "without eligibility for probation and parole" in bold in the middle of the paragraph in Count I charging Petitioner with the trafficking offense. *Id.* at 2-3.[6]

---

[4] Under § 558.016.2, a prior felony offender is a person who has pleaded guilty to or been found guilty of a felony; under § 558.016.3, a persistent felony offender is a person who has pleaded guilty to or been found guilty of two or more felonies committed at different times.

[5] This section provides that the court and not the jury shall assess punishment for prior offenders.

[6] This paragraph stated in full, as follows:

> The Circuit Attorney of the City of St. Louis, State of Missouri, charges that the defendant, in violation of Section 195.223 and **195.275**, RSMo, committed the class A felony **without eligibility for probation and parole** of trafficking in the second degree, punishable upon conviction under Section 558.011 and **195.295.3**, RSMo, in that on December 11, 2002, in the City of St. Louis, State of Missouri, the defendant possessed 6 grams or more of a mixture or substance containing a cocaine base, a controlled substance, knowing of its presence and nature.

3

The case went to trial on September 13, 2005. The state-court docket sheet contains the following entry dated September 14, 2005: "Upon Defendant's testimony and the court taking judicial notice of its own records, the Court finds that Defendant is a prior offender." (Resp. Ex. C at 8.) The jury found Petitioner guilty of possession of marijuana, but was unable to reach a verdict on the trafficking charge, and a new trial on that charge was held on August 15, 2007.

The evidence at the second trial established the following. On December 11, 2002, three police officers were on patrol in an unmarked car, when they saw a car fail to stop at a stop sign. The officers pulled the car over. There were two occupants – Petitioner, who was the driver, and a passenger named Gregory Brown. One of the officers, Harold Davie, testified that as the officers were getting out of their car, Petitioner exited his car with his hands raised and stated that anything the officers might find in the car did not belong to him. Davie testified that Petitioner's right hand was partially opened and his left hand was in "a fist." As Davie approached the passenger side of Petitioner's car, he observed Brown reaching under the seat as if to conceal something. When Brown stepped out of the car, Davie patted him down and discovered some marijuana on the inside pocket of Brown's jacket. Another officer searched the seat where Brown had been sitting and found a gun. At that point, Davie was standing at the back of Petitioner's car behind Petitioner and Brown, who were facing the trunk of the car with their hands on the trunk. Davie testified that he saw a plastic bag fall to the ground near Petitioner's left foot and believed it fell from Petitioner's left hand that had been "clenched" when Petitioner got out of the car. Another officer was called to recover

the evidence and found a plastic baggie near Petitioner's feet. The baggie contained what was later determined to be over six grams of a substance containing cocaine base.

Petitioner testified that when the officers approached the car, he sat in the car with both hands on the steering wheel and did not get out of the car until after Brown had been searched and taken to the back of the car. Petitioner testified that he never had anything in his hands and did not throw anything to the ground. He testified that since 1998, he had a permanent disability in his left hand and could not hold things in that hand or close that hand into a fist. Petitioner admitted that the police found a small amount of marijuana in his wallet. He also admitted to three prior felony convictions: one in 2002 for possession of a controlled substance, and the two felony drug convictions that were noted in the original information. (Resp. Ex. A at 213-17). In closing argument, the prosecutor noted that the only evidence of Petitioner's physical impairment was Petitioner's own testimony and that no doctor's testimony or medical records were presented by the defense on the matter. The jury found Petitioner guilty.

At the sentencing hearing held on October 18, 2007, defense counsel asked for a sentence of ten years, noting that Petitioner's sentence would be without the possibility of probation or parole. The State asked for a sentence of 17 years without the possibility of probation or parole, as Petitioner was a prior and persistent offender. The Court sentenced Petitioner on the trafficking conviction to 12 years, stating that Petitioner was "a prior offender" and that the court had "already made findings as to his status and this is without the possibility of probation or parole." The court then sentenced Petitioner on the possession of marijuana conviction to time served. (Resp. Ex. B.)

5

On the written judgment form, the court checked boxes indicating that Petitioner was a prior and persistent offender and a prior and persistent drug offender, and that he had been found guilty of an offense for which probation or parole was not authorized. (Resp. Ex. C at 86-89.)

**Direct Appeal**

Petitioner raised one argument on direct appeal, namely, that during closing argument (in the August 27, 2007 trial), the prosecutor's statements that Petitioner did not present medical evidence to support his defense improperly shifted the burden of proof from the State to the defense. The state appellate court rejected this argument. (Resp. Ex. F.)

**State Post-Conviction Proceedings**

In his amended motion for post-conviction relief, Petitioner claimed that the trial court erred in finding that he was a prior and persistent offender and a prior and persistent drug offender, because, among other reasons, (1) the record did not reflect that the State ever filed the amended information with the court clerk, and (2) there was insufficient proof to support the trial court's findings on the matter in that Petitioner's trial testimony did not establish that the two prior drug convictions listed on the amended information were two separate offenses. For relief, Petitioner asked for resentencing, and correction of the written judgment.

Petitioner also claimed that defense counsel was ineffective in several ways, including by failing to present medical records or expert medical testimony to corroborate Petitioner's testimony that the impairment to his left had made it impossible for him to

have clenched a bag of cocaine in that hand. He asserted that the medical records stated that he had "a weakened left grip." (Resp. Ex. G at 46-52.)

The motion court denied Petitioner's request for an evidentiary hearing, and denied his motion for post-conviction relief. The motion court (the same judge who had presided at both trials and sentencing) stated that at the hearing on Petitioner's status as a prior and/or persistent offender, the court had taken judicial notice of court records in cause numbers 881-2503 and 881-2553, and that those records showed that the two offenses occurred at different times, one on August 12, 1988, and one on August 17, 1988. (Resp. Ex. G at 77.)

The court rejected the above-noted claim of ineffective assistance of defense counsel, concluding that even had the medical evidence in question been presented to the jury, the result of the trial would not have been different. The Court noted that Petitioner had submitted the medical records (apparently in connection with the first trial) he asserted defense counsel should have presented to the jury, that the court reviewed those records, and that the court did not believe they would have changed the outcome at trial, as they were largely based on Petitioner's own complaints and did not "necessarily support a conclusion that [Petitioner] would have been incapable of holding" the plastic baggie in question. (Resp. Ex. G at 79-80.)

On appeal from the denial of post-conviction relief, with regard to the claim regarding the trial court's error in finding Petitioner to be, and sentencing him as, a prior and persistent offender and a prior and persistent drug offender, Petitioner limited the claim to the argument that the record did not reflect that the State had ever filed the

amended information. Petitioner also argued that the motion court erred in denying the above-noted claim of ineffective assistance of defense counsel.

Before addressing the first issue before it, the Missouri Court of Appeals observed as follows:

> The record in this case is in deplorable condition, with key documents missing from the circuit-court file and a transcript that does not pertain to [Petitioner] submitted as part of the record on appeal. Both the State and [Petitioner's] counsel have exacerbated the confusion with inaccuracies in the briefs concerning the habitual offender charges and findings.

(Resp. Ex. M at 5.) The appellate court explained that the State had provided the transcript from a prior-and-persistent-offender-status hearing that pertained to a different individual, not Petitioner. And the court noted that Petitioner's motion and brief "simply neglect to mention that the original information charged him as being a prior drug offender and a prior and persistent felony offender." (Resp. Ex. M at 6.)

The state appellate court held that Petitioner's claim regarding error in finding and sentencing him as a prior and persistent felony and drug offender should have been raised on direct appeal, and that neither fundamental unfairness nor exceptional circumstances warranted consideration of the claim in post-conviction proceedings. In reaching this conclusion, the state appellate court accepted the trial court's "stated prior offender finding" to be a finding of prior drug offender status. The court noted that Petitioner did not object at sentencing to the court's statement that his sentence was required to be served without the possibility of probation or parole. The appellate court explained that even if the amended information was never filed, Petitioner did not receive a sentence enhancement that was not pleaded and proved in accordance with the original

information, because the penalty for the class A felony of trafficking in the second degree was the same for a prior drug offender as for a persistent drug offender.

With respect to the written judgment, the Missouri Court of Appeals stated that it improperly classified Petitioner as a persistent drug offender, and possibly improperly classified him as a prior and persistent felony offender. But the court declined to correct the judgment, as the matter was not raised on direct appeal and as Petitioner "failed to present the complete record needed to determine the issue" (namely, a transcript from the status hearing). (Resp. Ex. M.)

The state appellate court rejected Petitioner's claim of ineffective assistance of defense counsel, agreeing with the motion court's decision that Petitioner failed to show that expert medical testimony and/or medical records "would have benefitted his defense." The court noted that in his amended motion for post-conviction relief, Petitioner stated that he was diagnosed as suffering from a "weakened left grip," rather than a total inability to grip objects in his left hand," and that Petitioner did not state that a medical expert would have testified to such a total inability. *Id*.

**Federal Habeas Petition**

For federal habeas relief, Petitioner asserts the two claims he presented to the state court on appeal from the denial of post-conviction relief. Respondent argues that this Court is barred from considering the first claim because (1) it was procedurally defaulted in state court due to Petitioner's failure to raise it on direct appeal, and failure to provide the state appellate post-conviction court an adequate record to review the claim; and (2) Petitioner has not presented grounds to excuse the default. Respondent argues that this

9

claim also fails on the merits because Petitioner has failed to show that the Missouri Supreme Court's finding of no prejudice to Petitioner is unreasonable.

Regarding the second claim, Respondent argues that the Missouri Court of Appeals did not unreasonably apply federal law or unreasonably determine the facts in concluding that Petitioner was not prejudiced by the absence of medical evidence regarding the impairment of his left hand.

## **DISCUSSION**

### **Standard of Review**

Where a claim has been adjudicated on the merits in state court, the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") provides that application for a writ of habeas corpus cannot be granted unless the state court's adjudication

1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

The "contrary to" clause is satisfied if a state court has arrived at a conclusion opposite to that reached by the Supreme Court on a question of law or confronts facts that are materially indistinguishable from a relevant Supreme Court precedent but arrives at the opposite result. *Strong v. Roper*, 737 F.3d 506, 510 (8th Cir. 2013); *Lockyer v. Andrade*, 538 U.S. 63, 73 (2003). A state court "unreasonably applies" clearly established federal law when it "identifies the correct governing legal principle from [the

10

Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Williams v. Taylor*, 529 U.S. 362, 413 (2000).

**Findings and Sentencing Based on Petitioner's Offender Status**

As noted above, Respondent asserts that this Court is procedurally barred from considering the merits of Petitioner's claim regarding his status as a prior and/or persistent felony and/or drug offender. "Ordinarily, a federal court reviewing a state conviction in a [federal habeas corpus] proceeding may consider only those claims which the petitioner has presented to the state court in accordance with state procedural rules." *Arnold v. Dormire*, 675 F.3d 1082, 1086-87 (8th Cir. 2012) (citation omitted). Here, the Missouri Court of Appeals considered whether the claim at issue resulted in manifest injustice, and to err on the side of caution, this Court will follow the line of cases in the Eighth Circuit permitting federal habeas review in such circumstances, mindful that such review is also for "manifest injustice," coupled with the deferential standard of review mandated in habeas cases by AEDPA. *See, e.g., Shelton v. Purkett*, 563 F.3d 404, 408 (8th Cir. 2009); *Watkins v. Wallace*, No. 4:12CV1268 RWS, 2014 WL 3361769, at *5 (E.D. Mo. July 9, 2014).

The Court agrees with the Missouri Court of Appeals that Petitioner has not shown manifest injustice in connection with this claim. First, "[s]ufficiency of an indictment or information is primarily a question of state law." *Goodloe v. Parratt*, 605 F.2d 1041, 1045 n.12 (8th Cir. 1979). "Due process requirements may be satisfied if a defendant receives *actual notice* of the charges against him, even if the indictment or information is deficient." *Hulstine v. Morris*, 819 F.2d 861, 864 (8th Cir. 1987). Here the original

11

information provided Petitioner with notice of the charges against him, including the charges that he was a prior and persistent drug offender and a prior and persistent offender. Defense counsel's comments at the sentencing confirm that Petitioner had notice of the charges against him and that he was not eligible for parole.

Second, the Court believes that the record supports the conclusion of the Missouri Court of Appeals that the trial court properly found that Petitioner was a prior drug offender, and that this finding supported the sentence imposed. Last, any error on the part of the trial court in marking the boxes on the judgment form did not affect Petitioner's sentence, and thus does not warrant habeas relief. *See Fleming v. Larkins*, No. 4:08CV0646 JCH, 2010 WL 2978068, at *8 (E.D. Mo. July 23, 2010).

In sum, the Court finds that the decision of the Missouri Court of Appeals did not violate clearly established federal law and was not based on unreasonable determination of the facts.

**<u>Ineffective Assistance of Counsel Claim</u>**

To prevail on a claim on ineffective assistance of counsel, a habeas petitioner must show that counsel's performance was deficient, and that the deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). "The first prong requires a showing 'that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment.' The second prong requires a showing that 'there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" *White v. Dingle*, 757 F.3d 750, 752-53 (8th Cir. 2014) (quoting *Strickland*, 466 U.S. at

687, 694). There is a "'strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance.'" *Tunstall v. Hopkins*, 306 F.3d 601, 606 (8th Cir. 2002) (quoting *Strickland*, 466 U.S. at 689).

Here the Court concludes that the state courts reasonably held that defense counsel's failure to present medical expert testimony and/or medical records to establish the extent of his left-hand impairment did not constitute constitutionally ineffective assistance of counsel. Although the record before the Court does not include the medical records in question, Petitioner himself characterized them as stating that he had "a weakened grip" in his left hand. Based on this, the state courts' adjudication of this claim was factually and legally reasonable.

## CONCLUSION

The Court concludes that Petitioner is not entitled to federal habeas relief. Furthermore, the Court does not believe that reasonable jurists might find the Court=s assessment of Petitioner=s claims for habeas relief debatable or wrong, for purposes of issuing a Certificate of Appealability under 28 U.S.C. '2254(d)(2). *See Miller-El v. Cockrell*, 537 U.S. 322, 338 (2003) (standard for issuing a Certificate of Appealability) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

Accordingly,

**IT IS HEREBY ORDERED** that the petition of Mark Bowers for a writ of habeas corpus relief is **DENIED**.

**IT IS FURTHER ORDERED** that a Certificate of Appealability shall not be issued in this case.

A separate Judgment shall accompany this Memorandum and Order.

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 22nd day of September, 2014.